**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Charles Sims, Jr., <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:16-CV-281 |
| | ) |
| vs. | ) |
| | ) |
| Board of Education of Winton Woods School District, <u>et al.</u>, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on the motion to dismiss filed by Defendants Board of Education of Winton Woods School District and Patricia D'Arcy.  Doc. No. 5.  For the reasons that follow, Defendants' motion to dismiss is **GRANTED IN PART, DENIED IN PART, AND MOOT IN PART.**

Plaintiffs Charles Sims, Jr. ("Charles"), Charles Sims, Sr., and Lana Sims filed a complaint against Defendants Board of Education of Winton Woods School District ("the Board" or "the School District") and the Board's Director of Student Services, Patricia D'Arcy, asserting claims for a number of alleged federal civil rights violations.  As described by the verified complaint,  the Board and D'Arcy were deliberately indifferent, and indeed even hostile, to Charles's severe mental and learning disabilities during the time he has been enrolled in the Winton Woods School District.  Plaintiffs allege that the Board and D'Arcy deliberately failed or refused to accommodate Charles's disabilities and deliberately

1

failed or refused to provide him with the free appropriate public education guaranteed by the Individuals With Disabilities Education Act ("IDEA").

Generally speaking, the complaint alleges that year after year Defendants ignored Mrs. Sims's entreaties to provide Charles with the services he needed to obtain a free appropriate public education and disregarded numerous tests, assessments, and professional opinions verifying his need for such services. Instead, according to the complaint, Defendants issued individualized education plans ("IEP's") devoid of meaningful content and passed Charles from grade to grade despite the fact that he was not making any academic progress. The time span covered by the complaint starts at least as early as Charles's third grade year and continues to the present time. Charles was 19 years old as of the date the complaint was filed and is still enrolled in the Winton Woods School District.

The complaint's first and second causes of action allege that the Board discriminated against Charles on the basis of disability in violation of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The second cause of action also alleges that Defendants retaliated against Plaintiffs in violation of the ADA. The complaint's third cause of action alleges that Defendants treated Charles arbitrarily and capriciously and without any rational basis for their conduct. Additionally, the complaint alleges that Defendants targeted Charles for disparate treatment because of his disabilities. Consequently, the complaint alleges that Defendants violated Charles's right to equal protection both as a member of a protected class and as a class of one. The complaint also purports to allege a retaliation claim under the Equal Protection Clause. The complaint's fourth cause of action alleges that Defendants deprived Charles

of his protected property interest in a free appropriate public education without due process of law. Finally, the complaint's fifth cause of action alleges that Defendants retaliated against Plaintiffs for engaging in activity protected by the First Amendment, specifically, because they advocated for Charles's interests. Plaintiffs' third, fourth, and fifth causes of action arise under 42 U.S.C. § 1983.

Defendants now move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims for relief. Rule 12(b)(6) requires the complaint to allege sufficient facts, when viewed in the light most favorable to the plaintiff, to plausibly show that the plaintiff is entitled to relief. Reilly v. Vadlamudi, 680 F.3d 617, 622-23 (6th Cir. 2012). The Court takes up the issues raised in Defendants' motion to dismiss seriatim.

1. Charles's claims are not barred by the two-year statute of limitations applicable in Ohio for claims arising under the Rehabilitation Act, the ADA, and § 1983. It is well-settled that for a minor, the statute of limitations is tolled until he reaches the age of maturity. Bishop v. Children's Center for Dev. Enrichment, 618 F.3d 533, 536-38 (6th Cir. 2010). A minor has two years after he reaches the age of maturity in which to file his claims. See id. at 537 (stating that in Ohio, a minor can bring his claim within the statutory period after the disability was removed). Thus, although Charles's claims reach back to his third grade year, they are not barred by the statute of limitations because the complaint was filed within two years after Charles reached the age of 18. In other words, the scope of Charles's claims is not limited to the two years preceding the filing of the complaint. Accordingly, Defendants are not entitled to dismissal of Charles's claims based on the statute of limitations.

2. Insofar as Mr. and Mrs. Sims's claims are "joint and inseparable" from Charles's claims, they would be entitled to tolling of the statute of limitations to the same extent that Charles is. Id. at 538. For instance, the parents' derivative claim for medical expenses and loss of consortium will be tolled during the period of their child's minority. Id. It is not evident from the complaint, however, that Mr. and Mrs. Sims assert any claims that are derivative of Charles's own disability and constitutional claims. The first cause of action is couched solely in terms of the Board's alleged discrimination against Charles. The second cause of action alleges that the Board violated Title II of the ADA by "discriminating and retaliating against the Plaintiffs." Complaint (Doc. No. 1) ¶ 73. The third and fourth causes of action appear to relate solely to alleged violations of Charles's constitutional rights. The fifth cause of action alleges that Defendants violated Plaintiffs' First Amendment rights, but the complaint appears to assert this claim directly on behalf of Mr. and Mrs. Sims rather than as one that is derivative of Charles's claims. Because the complaint does not plausibly indicate that Mr. and Mrs. Sims have any claims that are "joint and inseparable" from Charles's claims, the Court agrees that the statute of limitations precludes the Sims from recovering damages for any alleged violations that occurred more than two years before the filing of the complaint. To that extent, therefore, Defendants' motion to dismiss is well-taken.

3. Subject to a renewed motion to dismiss filed by Defendants at a later time,[1] the Court will not dismiss Plaintiff's complaint for failure to exhaust administrative remedies. The IDEA requires a plaintiff to exhaust administrative remedies before filing suit under the ADA or Rehabilitation Act, even if no IDEA claim is alleged in the complaint, if his discrimination claims implicate his right to receive a free appropriate public education. Fry v. Napoleon Cmty. Sch., 788 F.3d 622, 627 (6th Cir. 2015). In the complaint, Plaintiffs allege that they exhausted their administrative remedies by means of a settlement agreement with the School District. Complaint ¶ 7. Moreover, although the settlement agreement is not currently in the record, Plaintiffs quote sections from the agreement in which the Board not only agreed that the settlement satisfied their obligation to exhaust administrative remedies, but also that it would not raise failure to exhaust administrative remedies as an affirmative defense in any subsequent suit for damages brought by Plaintiffs. See Doc. No. 7, at 5-6. Consequently, the record is not sufficient for the Court to conclude that Plaintiffs have not exhausted their administrative remedies. Moreover, the current record indicates that the Board waived the right to raise exhaustion of remedies as a defense to Plaintiffs' claims. Accordingly, Defendants' motion to dismiss the complaint for failure to exhaust administrative remedies is denied without prejudice to renewal.

---

[1] It appears to be unsettled in the Sixth Circuit whether failure to exhaust IDEA administrative remedies is an affirmative defense, to be raised and proved by the defendant, or whether it is jurisdictional and must pleaded and proved by the plaintiff. At least one unreported case in the Sixth Circuit assumed that failure to exhaust IDEA administrative remedies is an affirmative defense. See Doe ex rel. Doe v. Dublin City Sch. Dist., 453 Fed. Appx. 606, 608 (6th Cir. 2011). Since, however, failure to exhaust administrative remedies is generally an affirmative defense, Hoogerheide v. I.R.S., 637 F.3d 634, 638 (6th Cir. 2011), the Court will assume for present purposes that Defendants bear the burden to show that Plaintiffs failed to exhaust their administrative remedies.

5. Plaintiffs have not pled any facts in their complaint establishing what, if any, adverse action Defendants allegedly took against them for engaging in speech protected by the First Amendment and/or for engaging in conduct protected by the ADA, the Rehabilitation Act, and/or the Equal Protection Clause. Cf. Handy-Clay v. City of Memphis, 695 F.3d 531, 539 (6th Cir. 2012) (in order to state a retaliation claim, plaintiff must allege sufficient facts to establish that defendant took an adverse action against the plaintiff). Accordingly, Defendants' motion to dismiss Plaintiffs' First Amendment retaliation claim is well-taken and is granted. The motion is also well-taken to the extent that Plaintiffs alleged that Defendants retaliated against them in violation of the Rehabilitation Act, the ADA, and/or the Equal Protection Clause.

6. The Court agrees with Defendants that a fair reading of the complaint indicates that Plaintiffs assert equal protection and due process violation claims on behalf of Charles only. Therefore, to the extent Defendants move to dismiss the equal protection and due process claims of Mr. and Mrs. Sims, their motion is moot.

7. Rule 8(a)(2) of the Federal Rules of Civil Procedure only requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief[.]" Consequently, the complaint is not subject to dismissal, as Defendants argue, simply because Plaintiffs did not include the specific dates when alleged unlawful conduct occurred or because they failed to specify the special services that were not provided to Charles. In any event, the general time frame when unlawful conduct occurred and other specifics concerning the alleged lack of services provided to Charles are readily discernible from reading the complaint. The complaint consistently specifies the grade in which Charles allegedly was subjected to unlawful treatment. See Complaint (Doc. No. 1) ¶¶ 16-

20. Moreover, the gravamen of Plaintiffs' complaints is not necessarily that the School District failed to provide Charles with specific services but rather that it repeatedly refused to even evaluate Charles to determine what special services he needed. Id. ¶¶ 16, 18, 19, 20, 23, 24, 25, 27, 38, 41. It is not surprising, therefore, that Plaintiffs have not or cannot identify any specific services that the School District denied Charles. In summary, the complaint gives Defendants fair notice of the nature of Plaintiffs' claims and the grounds on which they rely. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).

8. For purposes of imposing municipal liability under § 1983, Plaintiffs have sufficiently alleged that D'Arcy was the final policymaker for the School Board based on their allegation that she was the Director of Student Services and was the "final policymaker on behalf of Winton Woods with regard to assessing all Charles' [sic] academic and non-academic needs, providing an education program to meet all Charles' [sic] academic and non-academic needs, and ensuring implementation of the plan to prepare Charles for further education, employment, and independent living." Complaint ¶ 12; Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986) (decisionmaker with final authority as to action ordered can establish an official custom or policy of the municipality); cf. Paige v. Coyner, 614 F.3d 273, 284 (6th Cir. 2010) (allegation that public official had "final policy making authority" for county board of commissioners sufficient for purposes of Rule 12(b)(6) to state claim for municipal liability under § 1983).

9. At this stage of the case, Defendant D'Arcy is not entitled to qualified immunity on Charles's equal protection claim because it was clearly established during the time of the events alleged in the complaint that discriminating against a student because of his disability without any rational basis for the discrimination and/or because of animus toward

7

the student would violate his right to equal protection. While persons with disabilities do not belong to a suspect or quasi-suspect class, City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 442 (1985), any governmental action that differentiates between persons with disabilities and others similarly-situated must be rationally related to a legitimate governmental purpose. Id. The government and its officials, however, have no legitimate purpose in effectuating its animosity towards a particular group. Stemler v. City of Florence, 126 F.3d 856, 873 (6th Cir. 1997). Similarly, government action that is motivated by animus or ill-will towards an individual violates the Equal Protection Clause under the "class of one" theory. Warren v. City of Athens, 411 F.3d 697, 711 (6th Cir. 2005). These principles were clearly established as of the time of the events alleged in the complaint.

At a minimum, the complaint contains sufficient allegations that D'Arcy's treatment of Charles was driven by animosity or ill-will towards him and/or his family. For instance, the complaint alleges that D'Arcy told Charles's mother that the School District would not provide Charles with an IEP unless he was drooling on himself. Complaint ¶ 20. D'Arcy allegedly accused Charles of malingering and his mother of being an enabler. Id. ¶ 4. Additionally, D'Arcy allegedly persistently refused to evaluate Charles or provide him with educational services despite Plaintiffs' presentation of overwhelming evidence that he has severe emotional and learning disabilities. Id. ¶¶ 20, 24, 26, 27, 28, 30, 33, 35, 36, 37, 39, 40, 44, 45, 55-57, 61. The complaint also alleges that D'Arcy gutted one of Charles's IEP's of any substantive services. Id. ¶ 43.

A reasonable person could infer that D'Arcy's willful disregard of Charles's objectively-established disabilities and alleged willful failure to provide him with the educational services required by the law was motivated by animus towards him. A

8

reasonable public official in D'Arcy's position would have known that her actions toward Charles, as described in the complaint, would violate his right to equal protection. Consequently, at this juncture of the case, Defendant D'Arcy is not entitled to qualified immunity on Charles's equal protection claim.

10. At this stage of the case, Defendant D'Arcy is not entitled to qualified immunity on Charles's claim for a procedural due process violation. It was well-established at the time of the events in this case that a student in Ohio has a protected property interest in his public education that of which the state may not deprive him without due process of law. Goss v. Lopez, 419 U.S. 565, 573-74 (1975). The IDEA establishes procedures so that disabled students cannot be denied a free appropriate public education. Nack ex rel. Nack v. Orange City Sch. Dist., 454 F.3d 604, 608-09 (6th Cir. 2006). Moreover, the IDEA imposes on school districts an affirmative obligation to identify, locate, and evaluate children with disabilities who need special educational services. Board of Educ. of Fayette County v. L.M., 478 F.3d 307, 313 (6th Cir. 2007). Finally, it is a procedural violation of the IDEA for school districts to predetermine the student's need for services - in other words, to decide what services the student needs without the parents' meaningful participation during the IEP process. Deal v. Hamilton County Bd. of Educ., 392 F.3d 840, 858 (6th Cir. 2004).

In this case, the complaint is filled with allegations that the School Board refused to evaluate Charles, that it predetermined that he did not need any special educational and ancillary services, and that it willfully ignored substantial evidence that Charles needed services to obtain a free appropriate public education. See id. (finding an IDEA procedural violation because "no matter how strong the evidence presented by the Deals, the School

System still would have refused to provide the services."). The complaint also indicates D'Arcy's participation in the alleged predetermination violation. Complaint ¶ 20, 26, 28, 33, 35. Based on the applicable law cited above, a reasonable official in D'Arcy's position would have known that her conduct would violate Charles's procedural due process rights. Accordingly, D'Arcy is not entitled to qualified immunity on Charles's procedural due process claim.

11. Plaintiffs have also adequately alleged a due process violation because, at a minimum, the factual allegations in the complaint demonstrate that Defendants misapplied the IDEA's procedural provisions by predetermining Charles's need for special education services. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999)(plaintiff can prove a due process violation by, inter alia, showing that state misapplied or did not apply an otherwise adequate remedy).

<u>Conclusion</u>

For the reasons stated above, Defendants' motion to dismiss is **GRANTED IN PART, DENIED IN PART, AND MOOT IN PART.** Defendants' motion to dismiss is well-taken and is **GRANTED** as to Plaintiffs' First Amendment retaliation claim. That claim is **DISMISSED WITH PREJUDICE.** Defendants' motion to dismiss is also well-taken and is **GRANTED** as to Plaintiff's retaliation claims under the Rehabilitation Act, the ADA, and the Equal Protection Clause. These retaliation claims are also **DISMISSED WITH PREJUDICE.** Defendants' motion to dismiss is **MOOT** as to the equal protection and due process violation claims of Mr. and Mrs. Sims. Defendants' motion to dismiss is not well-taken and is **DENIED** as to the remaining claims.

**IT IS SO ORDERED**

Date <u>August 23, 2016</u>                    <u>     s/Sandra S. Beckwith     </u>
                                         Sandra S. Beckwith
                                         Senior United States District Judge