UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES SIMS JR.

CHARLES SIMS SR

LANA SIMS

    Plaintiffs

vs.

BOARD OF EDUCATION OF WINTON
WOODS SCHOOL DISTRICT

PATRICIA D'ARCY

    Defendants

Case No. 16-cv-00281

Judge Timothy Black

Magistrate Judge Karen L. Litkovitz

**STIPULATED PROTECTIVE ORDER**

This Protective Order regarding discovery in any form whatsoever that concerns the information listed below, is entered pursuant to FRCP Rule 26(c). The Court hereby orders that such discovery should be subject to the following terms and conditions:

1. Discovery provided pursuant to this Protective Order, including but not limited to: (1) treatment records and billing records of Charles Sims, Jr., ("Student"), Charles Sims, Sr. and Lana Sims; and (2) any and all personally identifiable information from an education record of a Winton Woods student other than Charles Sims Jr. that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g; 34 C.F.R. Part 99 and O.R.C. §3319.321, shall not be shown to, furnished to, or otherwise disclosed to anyone other than the Court, Plaintiffs, Defendants, counsel for the parties, persons directly assisting counsel of record, witnesses at depositions and witnesses in preparation for trial or deposition. For purposes of this Protective Order, the phrase "persons directly assisting counsel of record" means other persons employed in the counsel of record's office, court reporters, claim adjusters for the Defendants' insurer, and experts or outside consultants retained by counsel of record to assist in the preparation of their case.

2. All copies of discovery documents deemed "confidential" by either party and provided pursuant to this Protective Order, shall be stamped in advance with the legend, "Confidential," or so noted upon the first page of an exhibit.

3. Plaintiffs, Defendants, counsel for the parties and persons directly assisting counsel of record shall not show, furnish, or otherwise disclose discovery provided pursuant to this Protective Order, to anyone other than the Court, witnesses at depositions, potential

witnesses, experts or outside consultants or each other.

4. All copies of discovery provided pursuant to this Protective Order and/or the data and information contained therein, shall be shredded upon the termination of this case, or returned to the counsel who had produced the discovery.

5. The discovery provided pursuant to this Protective Order and/or the data and information contained shall not be used for any purpose other than preparation and presentation of the Plaintiffs' and Defendants' cases and shall not be used in any lawsuit, claim, or cause of action other than Case No. 1:16-cv-00281, currently pending in the United States District Court, Southern District of Ohio, Western Division.

6. The discovery marked "confidential" provided pursuant to this Protective Order and/or the data or information contained therein, if filed with the Court as exhibits or depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief or other documents, shall be filed under seal and shall be accessible only to the Court, court reporters, the parties and their counsel. This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

7. Any person directly assisting counsel of record to whom the discovery is provided pursuant to this Protective Order and/or the information contained therein, is shown, furnished, or otherwise disclosed, shall be shown a copy of this Protective Order and shall be subject to its terms. He or she shall also acknowledge his or her understanding of the Order by signing a copy of the acknowledgment form attached as Exhibit A, which form shall remain in counsel's possession.

8. To the extent that a document contains personally identifiable information from an education record of a student that is protected by the Family Education Rights and Privacy Act, 20 U.S.C. §1232g; C.F.R. Part 99, Defendants will, prior to production of the document, make a reasonable effort to notify the parent or eligible student of this order so that the parent or eligible student may seek protective action, if desired. The notification to the parent or eligible student will indicate the date on which the document will be produced in the absence of the parent or eligible student obtaining protective relief.

9. This Protective Order shall not prevent any of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves in writing to modification of this Protective Order, subject to the approval of the Court.

10. The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration.

**So Stipulated:**

/s/ Richard Ganulin
Richard Ganulin 0025642
3662 Kendall Avenue
Cincinnati, OH 45208
(513) 405-6696 phone
rganulin@gmail.com
***Attorney for Plaintiffs***

/s/ Stephen E. Imm
Stephen E. Imm
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-8678 phone
(513) 943-6669 fax
Stephen@finneylawfirm.com
***Attorney for Plaintiffs***

/s/ Ian R. Smith
Ian R. Smith 0068195
R. Gary Winters 18680
McCASLIN IMBUS & McCASLIN
632 Vine Street, Suite 900
Cincinnati, OH 45202
(513) 421-4646 phone
(513) 421-7929 fax
irsmith@mimlaw.com
rgwinters@mimlaw.com
***Attorneys for Defendants***

**IT IS SO ORDERED:**

_Karen L. Litkovitz_
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

3

## ACKNOWLEDGEMENT

I, _____, have read and know the contents of the Stipulated Protective Order dated _____, and agreed to be bound by its terms and conditions. I agree that I shall keep in strict confidence all confidential information which has been disclosed to me pursuant to the Stipulated Protective Order and I will not use or refer to any confidential information other than in connection with the above entitled action and as provided in the Stipulated Protective Order. I also agree that, upon being notified by counsel of the termination of the above referenced lawsuit, I will return all confidential information to the counsel for the party who furnished me the confidential information and I will destroy all notes and memoranda which I have generated relating to the confidential information.

_____
Title_____
Address_____
_____
Date_____